IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

TOMMY-JAMES C. RAVEN, III,       )
                                 )
        Petitioner,               )
                                 )
vs.                              )    Case No. CIV-16-289-D
                                 )
STATE OF OKLAHOMA,               )
                                 )
        Respondent.               )

## REPORT AND RECOMMENDATION

**I.     Requested relief and background.**

Tommy-James C. Raven III (Petitioner), a state prisoner appearing pro se,[1] brings a petition for a writ of coram nobis, "requesting that this court does exercise its inherent authority to grant petitioner relief, but[2] setting aside the state conviction, and sentence from the State of Oklahoma, because it was obtained in violation of due process of law." Doc. 1, at 1.[3] He points to

---

[1] The undersigned reads Petitioner's papers broadly in light of his pro se status. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.") The undersigned cannot, however, "assume the role of [Petitioner's] advocate," creating arguments on his behalf. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

[2] The undersigned reads "by" for "but."

[3] This report cites court documents by their electronic case filing designation and pagination; unless otherwise indicated, quotations are verbatim.

the petition he filed twenty years ago in this Court seeking habeas relief under 28 U.S.C. § 2254[4] and alleges "that during his previous appeal before this court, the attorney general for the State of Oklahoma, acting in bad faith, by intentional fraud, upon this court . . . persuaded this court to rule . . . in the state's favor . . . ." *Id.* at 1-2. He "rais[es] Fraud Upon this Court, asking this court to do justice if the record, and the matters entertained in this writ make it plain, where relief is entitled." *Id.* at 2. He alleges fraud and error at trial and on appeal. *Id.* at 4-21. He "prays this court grant his writ of error coram nobis, citing fraud upon the court, actual innocence, ineffectiveness with attached prejudice on appeal, all for a case with withheld evidence, and insufficient evidence . . . ." *Id.* at 21.

Petitioner states he is "assert[ing] his claim of error . . . in the . . . Writ of Error Coram Nobis . . . raising his claim of Actual Innocence, and the ( pure) act of Fraud Upon the Courts . . . ." because "the §2254 . . . Writ is no longer available" to him. *Id.* at 24 (emphases omitted). He explains that before filing this action he unsuccessfully sought authorization from the United States Court of Appeals for the Tenth Circuit to file a second or successive 28 U.S.C. § 2254 habeas petition. *Id.* at 24-25. He attaches the

---

[4] *See Raven v. Att'y Gen. of the State of Okla.*, Case No. CIV-96-1781-T, Doc. 2 (W.D. Okla. Oct. 17, 1996). Petitioner challenged his first degree murder conviction in Case No. CRF-89-5668, District Court of Oklahoma County, on ineffective assistance of trial counsel grounds, claiming counsel coerced him into entering a guilty plea. *See id.* Doc. 38.

circuit court's February 1, 2016 order finding that he was "seek[ing] to present a previously unasserted habeas claim of ineffective assistance of appellate counsel in his appeal from the trial court's denial of his motion to withdraw his guilty plea." *Id.* Att. 1, at 1. The circuit court denied authorization based on Petitioner's affirmative statement that his proposed claim was "neither based on a new rule of constitutional law nor new facts." *Id.* at 2. Petitioner maintains "the writ of error coram nobis . . . is the last of the available remedies for petitioner to raise and assert his claims . . . ." Doc. 1, at 26-27.

Petitioner filed two other papers with his coram nobis petition. He labeled the papers "Motion for Judgment of Acquittal Alternative; Declaration of Across the Board Mistrial," Doc. 2, and "Application for Certificate of Appealability." Doc. 3. He states the certificate of appealability application is "in support of his Motion for Autorization, and Permission (to file his) Second and Successive Writ of Habeas Corpus . . . ." *Id.* at 1.

United States District Judge Timothy D. DeGiusti has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). For the following reasons, the undersigned recommends dismissal of Petitioner's Writ of Error Coram Nobis for lack of jurisdiction.

3

## II. Analysis.

Petitioner seeks a writ of coram nobis to "set[] aside" [his] state conviction, and sentence from the State of Oklahoma, because it was obtained in violation of due process of law." Doc. 1, at 1.[5] In the Tenth Circuit, however, "federal courts have no jurisdiction to issue writs of coram nobis with respect to state criminal judgments." *Rawlins v. Kansas*, 714 F.3d 1189, 1196 (10th Cir. 2013) (internal quotation marks omitted).

The All Writs Act broadly empowers federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). Federal courts must then turn to the common law for guidance in determining which writs are "agreeable to the usages and principles of law . . . ." *Rawlins*, 714 F.3d at 1196 (quoting 28 U.S.C. § 1651(a)). Under the common law, the "scope of coram nobis was a writ from the judgment-issuing court to itself, granting itself power to reopen that judgment. It is not a writ that one court may issue to another." *Id.* So, "[b]ecause [this Court] did not pronounce the judgment against [Petitioner], it has no power to reexamine [his] conviction

---

[5] Petitioner also alleges he "is now in state custody for the crimes and offenses he allege to be unconstitutionally obtained against him . . . ." Doc. 1, at 1. "Generally, the writ of coram nobis allows a convict to attack the validity of a conviction for which he is *no longer* in custody." *Gomez v. MacGrew*, 593 F. App'x 775, 777 (10th Cir. 2014) (emphasis added).

4

through a writ of coram nobis [and] no power to consider [his] constitutional complaints." *Id.*

### III. Recommendation and notice of right to object.

Because this Court lacks jurisdiction to grant Petitioner his requested relief, the undersigned recommends the summary dismissal of his Writ of Error Coram Nobis. Doc. 1.[6] The court's adoption of this recommendation will necessarily moot Petitioner's pending motions, Docs. 2, 3, for lack of jurisdiction.

The undersigned advises Petitioner of his right to file an objection to this Report and Recommendation with the Clerk of Court on or before July 5, 2016, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Petitioner that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

---

[6] The undersigned has considered whether the court should recharacterize the petition as a request for relief other than through a writ of coram nobis. Petitioner, however, demonstrates his awareness of the issues and procedures inherent in bringing a second or successive collateral attack on his conviction, and, in light of his deliberate decision to seek relief through coram nobis, the undersigned has not constructed other legal theories on his behalf. *See supra* at 2-3.

The undersigned directs the Clerk of Court to transmit a copy of this Report and Recommendation through electronic mail to the Attorney General of the State of Oklahoma on behalf of Respondent at the following address: fhc.docket@oag.state.ok.us.

This Report and Recommendation disposes of all the issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 14th day of June, 2016.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE