# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

TOMMY-JAMES C. RAVEN, III,       )
                                           )
              Petitioner,            )
                                           )
v.                                        )      Case No. CIV-16-289-D
                                           )
STATE OF OKLAHOMA,          )
                                           )
              Respondent.         )

# O R D E R

This matter is before the Court for review of the Report and Recommendation issued June 14, 2016, by United States Magistrate Judge Suzanne Mitchell [Doc. No. 16]. Judge Mitchell recommends a dismissal of Petitioner's Writ of Error Coram Nobis [Doc. No. 1] for lack of jurisdiction to presently review his state court criminal conviction. Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), Petitioner objects to the Report and Recommendation on the ground that it does not address his actual request, which is "to have this [C]ourt review the appeal decision that was in fact rendered within this [C]ourt." Pet'r's Obj. [Doc. No. 17] at 2. The Court, having conducted a *de novo* review of the record,[1] finds Petitioner's Objection should be overruled, and that the Report and Recommendation should be adopted.

---

[1] Pursuant to Fed. R. Civ. P. 72(b)(3), where the district court refers dispositive matters to a magistrate judge for a report and recommendation, the district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id.*; *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1246 (10th Cir. 2015).

The Court disagrees with Petitioner's contention that he is not seeking review of his state court conviction. Petitioner's Writ asks the Court to exercise its inherent authority to "set[] aside the state conviction, and sentence from the State of Oklahoma, because it was obtained in violation of due process of law."[2] Writ [Doc. No. 1] at 1. Petitioner further requests that this Court determine whether the factual findings of the state court "are supported by substantial competent evidence, and whether those findings are 'constitutionally sufficient' to support it's [sic] conclusion of law." *Id.* at 9.[3] Finally, Petitioner seeks the production of evidence from the state court proceedings (Pet'r's Obj. [Doc. No. 17] at 4), and a grant of "a post-sentence motion to withdraw [a] guilty plea." *Id.* at 3. Liberally construed, it is clear Petitioner's writ seeks to overturn his original state conviction. As Judge Mitchell correctly concluded, "federal courts have no jurisdiction to issue writs of coram nobis with respect to state criminal judgments." R. & R. [Doc. No. 16] at 4 (quoting *Rawlins v. Kansas*, 714 F.3d 1189, 1196 (10th Cir. 2013)).

---

[2] As the Report and Recommendation clearly summarizes, Petitioner raises the "'claim of Actual Innocence, and the (pure) act of Fraud Upon the Courts . . . .' because 'the § 2254 . . . Writ is no longer available' to him." R & R [Doc. No. 16] at 2 (quoting Writ [Doc. No. 1] at 24). Petitioner acknowledges that "before filing this action he unsuccessfully sought authorization from the United States Court of Appeals for the Tenth Circuit to file a second or successive 28 U.S.C. § 2254 habeas petition." *Id.* (citing Writ [Doc. No.1] at 24-25). "Petitioner maintains 'the writ of error coram nobis . . . is the last of the available remedies for petitioner to raise . . . .'" *Id.* at 3 (quoting Writ [Doc. No. 1] at 26-27).

[3] Although Petitioner's writ omits the word "state" from its request regarding findings of fact from the "district" court, the remainder of the paragraph is devoted solely to Petitioner's complaints regarding his state court appointed counsel and lack of evidence of record. *See* Writ [Doc. No. 1] at 9. Read together, it is clear that Petitioner is seeking a review of the *state* district court's findings of fact.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 16] is adopted in its entirety.

IT IS SO ORDERED this 20th day of July, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE